**DAYTON (city) v BOHACHEK**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1460.    Decided Jan 10, 1938

Kelly, Knee & Wick, Dayton, for plaintiff-appellee.

Jacobson & Durst, Dayton, for appellant.
McMahon, Corwin, Landis & Markham, Dayton, Bolsinger & Hoodin, Cincinnati, amicus curiae for appellant.

## OPINION

By THE·COURT

The above entitled cause is now being determined on defendant's appeal on ques-

tions of law from the judgment of the Municipal Court of the City of Dayton, Ohio.

The defendant was arrested, tried, convicted and sentenced in the Municipal Court, Criminal Division, of the City of Dayton, on an affidavit duly filed, containing the following complaint, omitting the formal parts:

"On or about the 11th day of January A.D., 1937, in the City of Dayton, in the County of Montgomery, and State of Ohio, did Ralph Bohacheck sell to one Anthony Anticoli one 36 inch white enamel urinal without having attached thereto a label or sticker as required by §973 (a) of the Code of Gen. Ord. contrary to the form of the ordinances of said city, etc."

Section 973 (a) of the General Ordinances of the city of Dayton, Ohio, reads as follows:

"Section 973 (a)  It shall be unlawful for any person to sell, exchange or install within the jurisdiction of the Plumbing Division of the Department of Service and Buildings of said city, any fixture as defined in §972, C.G.O., whether new or second hand, unless the same has securely attached thereto a label or sticker containing thereon the name "City of Dayton," a serial number and the signature of the plumbing inspector of the City of 'Dayton or facsimile of such signature engraved thereon."

The fixtures spoken of in §972 are the following:  bath tubs, lavatories, toilets, water heaters, water softeners, and other plumbing and heating fixtures which require· a permit for installation under the ordinances of the City of Dayton.

In the trial court the case was submitted on an agreed statement of facts, which are properly brought to this court through a bill of exceptions.  Omitting the formal parts, the agreed statement of facts is as follows:

"This case is submitted to the court by agreement of counsel, that the above named defendant did at the time and place alleged in the affidavit, all of the things with which the defendant is charged; and that the city ordinance involved is No. 14,939, and reads as indicated on the copy thereof attached hereto."

A typewritten copy of the ordinance is attached as an exhibit.  The entire ord-

inance contains separate sections, §973, containing subdivisions a, b, and c.

Section 976 reads as follows:

"Section 976. That this ordinance shall be construed to be cumulative and shall not be held to repeal any other ordinance of the City of Dayton relating to fixtures. If any provision of this ordinance shall be held invalid, the same shall not invalidate any other provision thereof which is not in and of itself invalid."

Section 977 contains the penal provision and provides for a fine of not less than $5.00 and not more than $500.00, at the discretion of the court.

The sole question before this court is that of the constitutionality of the section of the ordinance under which the prosecution is brought. It will be noted that the requirement under this particular provision of the ordinance contains the following provisions:

1. The fixture must have securely attached thereto a label or sticker, which label or sticker must contain the following legend:

(a) City of Dayton;

(b) A serial number;

(c) The signature of the plumbing inspector or a facsimile thereof.

In the approach to this question we start with the well established canon of law that every reasonable presumption must be indulged in favor of the constitutionality of every legislative enactment.

The right of a municipality to regulate, control or supervise activities within its boundaries is founded upon the constitutional grant of police power. Unless justified under the exercise of police power, reasonably exercised, the attempted legislation would be unconstitutional. The attempted exercise of the police power must be in the interest of public morals, public safety, public health or general welfare. The rule is further limited that the attempt to exercise such police power, either in the interest of public morals, public safety, public health or general welfare, must be reasonable. Any unreasonable and burdensome obligation upon persons engaged in lawful business is an unwarranted exercise of police power.

The only case directly in point that has been called to our attention is the unreported case of the Mound City Plumbing Supply Company v Bernard F. Dickman,

etc., et, a decision by Kirkwood, Judge, Division No. 3, St. Louis, Missouri. The ordinance in question was kindred in its nature to the instant case, but not as far-reaching. The St. Louis judge held the ordinance unconstitutional. Other cases cited are not directly in point, but claim to be pertinent by analogy. We have examined each and all of these cases in their entirety, but in the final analysis are compelled to revert to an independent inquiry as to whether or not the ordinance may be sustained as a reasonable exercise of police power. In this connection we have read and carefully examined the entire ordinance. Of course, there will be no claim that the provision affects public morals or public safety. Our inquiry must necessarily be limited to the question of public health or general welfare. It is urged that the record thus obtained would assist the City Plumbing Inspector in locating and checking the fixtures when installed. It seems to us that this is too remote, and therefore not a reasonable exercise of police power. We are constrained to the view that the section of the ordinance under which defendant was arrested was unconstitutional.

Coming to enter the judgment which the trial court should have entered, defendant is discharged and costs adjudged against the appellee.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.