**DIRECT PLUMBING SUPPLY CO. et v DAYTON (City)**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1584.  Decided June 14, 1940

I. L. Jacobson, Dayton, for The Direct Plumbing Supply Co., plaintiff-appellant.

Irvin G. Bieser, Dayton, for Sears, Roebuck & Co., plaintiff-appellant.

Herbert S. Beane, City Attorney, Dayton; Maurice J. Gilbert, Asst. City Attorney, Dayton, and Sam D. Kelly, Special Counsel, Dayton, for defendants-appellees.

### OPINION

BY THE COURT:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court, dismissing plaintiffs-appellants' petition. The action is to permanently enjoin the defendants from enforcing ordinance No. 15,052 of the City of Dayton, Ohio, effective May 27, 1938, because in violation of both the federal and state constitutions.

Upon issues joined the Common Pleas Court sustained the validity of the ordinance and it comes to us de novo upon the issues made by the petition and answer, together with a transcript of the testimony offered in the Common Pleas Court. Heretofore in the case of **Dayton v Bohachek, 26 Abs 417,** we had under consideration ordinance No. 14939 of the City of Dayton. The review in this case arose by reason of a prosecuting of Bohachek for violation of ordinance No. 14939. The sole question presented was the constitutionality of the ordinance. Upon consideration we held it to be unconstitutional.

The trial judge in this case found that the subject matter of the ordinances was substantially the same, although he was of opinion that some of the modifications changed the later ordinance so that it might be saved.

The test of the validity of the ordinance upon constitutional grounds is the same in this case as in the former case. We have examined the modified ordinance and believe that it is vulnerable in the same particulars as the former ordinance, No. 14939. Although the preamble has been changed so that its purpose, if carried into the ordinance, would clearly support its constitutionality, the modifications in the ordinance are not of such substance as to change its practical effect.

Upon authority of Dayton v Bohachek, supra, we find for the plaintiffs-appellants and judgment may be entered accordingly.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.